UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at LONDON)

| | |
|---|---|
| LAMAR PARIS,<br><br>    Petitioner,<br><br>v.<br><br>JAMIE MOSLEY,<br><br>    Respondent. | Civil Action No. 6: 24-CV-049-CHB<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Lamar Paris is a federal pretrial detainee who is currently housed at the Laurel County Detention Center in London, Kentucky while his criminal case remains ongoing before the United States District Court for the Eastern District of Tennessee. *See United States v. Lamar Paris*, No. 3:23-cr-00004-TAV-JEM-1 (E.D. Tenn., filed Jan. 13, 2023). Proceeding without a lawyer, Paris filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* [R. 1]. While Paris's various arguments are difficult to follow, it appears that he is trying to call into question the criminal charges pending against him in the Eastern District of Tennessee. *See* [R. 1, R. 2]. Indeed, in a memorandum supporting his petition, Paris asks that the charges against him be dismissed with prejudice and that he be "immediately discharged from the Warden's custody." [R. 2, p. 30].

The Court has conducted an initial screening of Paris's habeas petition pursuant to 28 U.S.C. § 2243 and will summarily dismiss it. That is because Paris's arguments constitute an impermissible attack on the federal criminal charges pending against him. Of course, Paris may present his arguments directly to the United States District Court for the Eastern District of Tennessee during his still-pending criminal case. *See Paris*, No. 3:23-cr-00004-TAV-JEM-1. And

if Paris is convicted of one or more federal crimes and later sentenced, he may certainly challenge the legality of his conviction(s) and sentence on direct appeal and in a 28 U.S.C. § 2255 motion. However, Paris has not identified any legal authority that would allow him to proceed with his claims at this time (i.e., while he is a federal pretrial detainee) via a § 2241 petition. *See also Collier v. United States*, No. 23-cv-11674, 2023 WL 5009252, at *1 (E.D. Mich. July 31, 2023) ("When a federal pretrial detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted before the trial court and on direct appeal before habeas corpus relief may be available."). Therefore, the Court will dismiss Paris's present § 2241 petition without prejudice to his right to raise his claims in his pending federal criminal case and any subsequent appeal and/or § 2255 motion.

Accordingly, it is **ORDERED** as follows:

1. Paris's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DISMISSED without prejudice** to his right to raise his claims in his pending federal criminal case and any subsequent appeal and/or § 2255 motion;

2. All pending motions in this specific civil action are **DENIED** as moot;

3. This action is **STRICKEN** from the Court's docket; and

4. The Court will enter a corresponding Judgment.

This 12th day of April, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY